UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

BRIAN C.,

            Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.

CASE NO. C18-5726-BAT

**ORDER REVERSING THE COMMISSIONER'S DECISION**

Plaintiff seeks review of the denial of his application for Supplemental Security Income and Disability Insurance Benefits. He contends the ALJ erred in discounting certain medical opinions and discounting his own subjective testimony.[1] Dkt. 12. As discussed below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff is currently 44 years old, has a high school diploma with additional training in computer programming and data entry, and has worked as a fast-food cashier, hospital aide, retail/warehouse truck driver, and hotel night auditor. Tr. 344-45. In June 2014, he protectively

---

[1] Plaintiff also assigns error to the ALJ's residual functional capacity ("RFC") assessment and step-five findings, but in doing so only reiterates arguments made elsewhere. Dkt. 12 at 15-16. Thus, these issues need not be addressed separately.

ORDER REVERSING THE COMMISSIONER'S DECISION - 1

applied for benefits, alleging disability as of May 9, 2014. Tr. 314-26. His applications were denied initially and on reconsideration. Tr. 212-18, 221-31. The ALJ conducted a hearing on December 5, 2016 (Tr. 91-122), and a supplemental hearing on July 12, 2017 (Tr. 123-31), and subsequently found Plaintiff not disabled. Tr. 17-32. As the Appeals Council denied Plaintiff's request for review, the ALJ's decision is the Commissioner's final decision. Tr. 1-6.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process, [2] the ALJ found:

**Step one:** Plaintiff had not engaged in substantial gainful activity since May 9, 2014.

**Step two:** Plaintiff's major depressive disorder and social anxiety disorder are severe impairments.

**Step three:** These impairments did not meet or equal the requirements of a listed impairment.[3]

**RFC:** Plaintiff can perform a full range of work at all exertional levels, but has the following additional limitations: he can understand, remember, and apply information sufficiently to carry out tasks with a General Education Development reasoning level of 2 or less. He can work in a setting with no public contact and occasional coworker contact. He can work in a routine setting with few changes.

**Step four:** Plaintiff could not perform his past work.

**Step five:** As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, he is not disabled.

Tr. 17-32.

## DISCUSSION

**A.     Medical opinions**

Plaintiff challenges the ALJ's assessment of multiple medical opinions, each of which the

---

[2] 20 C.F.R. §§ 404.1520, 416.920.

[3] 20 C.F.R. Part 404, Subpart P, Appendix 1.

Court will address in turn.[4]

**1.    Nancy Armstrong, ARNP**

Ms. Armstrong examined Plaintiff in November 2016 and completed a physical functional evaluation form opinion. Tr. 698-714. She concluded that Plaintiff's physical conditions limited him to sedentary work. Tr. 706.

The ALJ summarized Ms. Armstrong's findings and conclusions (Tr. 28), but did not assign a particular weight to her opinion or explain why the RFC assessment did not incorporate Ms. Armstrong's opinion. This is error. *See* Social Security Ruling 96-8p, 1996 WL 374184, at *7 (Jul. 2, 1996) ("If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").

The Commissioner contends that this error is harmless because the ALJ's reasons for discounting another opinion regarding Plaintiff's physical functioning, written by examining physician W. Daniel Davenport, M.D., apply with equal force to Ms. Armstrong's opinion. Dkt. 13 at 6-7. But the ALJ discounted Dr. Davenport's opinion because it was based on a condition (Achilles tendonitis) that did not persist for the requisite 12 months. Tr. 29. Ms. Armstrong did not discuss Achilles tendonitis or base any of her opinion on such a diagnosis; her physical limitations were based on back pain, asthma and hypertension. Tr. 698-714. There may be many compelling reasons to discount Ms. Armstrong's opinion, but the ALJ did not state them. Because the Court is constrained to consider the ALJ's stated reasoning, and must not weigh the evidence for the first time, this case must be remanded to permit the ALJ to assess Ms. Armstrong's opinion and either credit it or provide legally sufficient reasons to discount it.

---

[4] Plaintiff's opening brief also summarizes other medical evidence, without linking it to a specific error in the ALJ's decision. Dkt. 12 at 7-10. Under these circumstances, the Court need not address further this section of the brief.

### 2. Tasmyn Bowes, Psy.D., and Terilee Wingate, Ph.D.

Dr. Bowes examined Plaintiff in May 2014 and completed a DSHS form opinion describing his symptoms and some moderate and marked limitations in cognitive and social functioning. Tr. 443-56. Dr. Wingate examined Plaintiff in October 2016 and also completed a DSHS form opinion describing similar limitations. Tr. 678-85.

The ALJ discounted both of these opinions, finding them to be inconsistent with Plaintiff's sporadic mental health treatment, which was motivated only by court order and a desire to maintain public assistance benefits. Tr. 29. Plaintiff argues that this is not a legitimate reason to discount the opinions, because they were based on clinical findings. Dkt. 12 at 4-5. Plaintiff's argument is not persuasive: his lack of mental health treatment suggests that his symptoms are not as severe as he alleged to the psychologists, and his lack of consistent treatment for those symptoms also suggests that his presentation to those psychologists fails to account for potential improvement with treatment. As a result, Plaintiff's lack of consistent treatment undermines the conclusions of the psychologists regarding the severity of Plaintiff's limitations. *See, e.g.*, *Blacksher v. Berryhill*, 762 Fed. Appx. 372, 374 (9th Cir. Feb. 26, 2019) (holding that the ALJ properly discounted a treating psychologist's opinion due to the claimant's "gaps in treatment"); *Evans v. Berryhill*, 759 Fed. Appx. 606, 608 (9th Cir. Jan. 7, 2019) (affirming an ALJ's rejection of a treating physician's opinion in part because plaintiff "received only sporadic treatment for his condition"). The ALJ did not err in discounting the opinions of Drs. Bowes and Wingate on this basis.

### 3. Kristyn Abbott, MA, LMHC

Ms. Abbott performed an intake evaluation of Plaintiff in December 2016 and diagnosed him with generalized anxiety disorder and major depressive disorder. Tr. 773-81. The ALJ

stated that she gave "some weight" to Ms. Abbott's diagnostic assessment, specifically as to limits on social interaction and task complexity. Tr. 29.

Plaintiff argues that the ALJ erred in failing to provide any reason to discount any of Ms. Abbott's findings, but does not identify any findings that are inconsistent with the ALJ's RFC assessment. Dkt. 12 at 5; Dkt. 14 at 3-4. Accordingly, Plaintiff has not shown error in the ALJ's assessment of Ms. Abbott's evaluation. *See, e.g., Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (ALJ not required to provide clear and convincing reasons to reject physician's statement when statement did not assess any limitations).

**B.     Plaintiff's testimony**

The ALJ discounted Plaintiff's testimony because (1) his allegations of disabling physical limitations is inconsistent with his scant treatment and improvement with minimal physical therapy; and (2) his allegations of disabling mental limitations are inconsistent with his sporadic treatment only motivated by court order or a desire to maintain benefits, as well as inconsistent with his activities, namely looking for work, daily walks, applying for housing, and meeting the requirements of his shelter. Tr. 28-29. Plaintiff contends that these reasons are not clear and convincing, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

Plaintiff's argues the ALJ erred in considering whether the evidence supported his allegations of physical limitations, and that none of the evidence cited actually contradicts his allegations. Dkt. 12 at 11. Although an ALJ may not discount a claimant's allegations *solely* based on lack of objective corroboration, an ALJ does not err in considering the extent to which the objective record supports the claimant's allegations. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that

it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects."). Furthermore, the ALJ did cite evidence inconsistent with Plaintiff's allegation of physical limitations, specifically an inability to walk farther than 100 yards before needing to rest: Plaintiff's report of no pain after three sessions of physical therapy, and multiple notations of normal ambulation. Tr. 22, 28 (citing Tr. 447, 700, 744, 751-60). This evidence undermines Plaintiff's testimony and supports the ALJ's assessment.

Plaintiff also argues the ALJ erred in discounting his mental allegations because he should not be penalized for failing to recognize his need for treatment, or because his symptoms wax and wane. Dkt. 12 at 11-12. Plaintiff's argument is not persuasive, because the record does not demonstrate merely a lack of insight, but a lack of motivation to follow through with treatment beyond what was required in order to satisfy court orders or meet benefits eligibility requirements. This is a valid reason to discount Plaintiff's allegations regarding the severity of his mental limitations. *See Molina v. Astrue*, 674 F.3d 1104, 1113-14 (9th Cir. 2012).

Furthermore, the ALJ did not discount Plaintiff's symptoms because they wax and wane; she simply described his symptoms as "episodic." Tr. 29. The ALJ noted that despite those episodic symptoms, Plaintiff was nonetheless able to engage in various activities, most significantly looking for work. Tr. 29 (referencing, *e.g.*, Tr. 801, 803, 806, 808, 810, 812, 816, 818, 822, 824). This activity clearly contradicts Plaintiff's allegation of an inability to work, and therefore supports the ALJ's assessment. *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1221, 1227 (9th Cir. 2009) (ALJ properly considered evidence of claimant's attempts to find employment, in discounting claimant's testimony).

Accordingly, because the ALJ provided clear and convincing reasons to discount

Plaintiff's testimony, this portion of the decision is affirmed.

**CONCLUSION**

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

On remand, the ALJ shall reconsider Ms. Armstrong's opinion, develop the record and redetermine Plaintiff's RFC as appropriate and proceed to the remaining steps as necessary.

DATED this 4th day of June, 2019.

_____
BRIAN A. TSUCHIDA
Chief United States Magistrate Judge